**Opinion issued October 22, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00395-CV

————————————

**MARIA BALBOA, AS TRUSTEE OF THE ROBERT & OFELIA BIERBAUER TRUST AND EXECUTOR OF THE ESTATE OF OFELIA BIERBAUER, Appellant**

**V.**

**JOSHUA WILLOUGHBY, Appellee**

On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2021-17865

## MEMORANDUM OPINION

Appellant Maria Balboa, as Trustee of The Robert & Ofelia Bierbauer Trust and Executor of the Estate of Ofelia Bierbauer (Balboa), filed a notice of appeal from the trial court's "Order Granting Defendant Joshua Willoughby's Traditional Motion

for Summary Judgment," signed on April 25, 2023. Because the clerk's record indicated that the trial court had not disposed of all parties in the underling lawsuit, we notified Balboa that her appeal could be dismissed for lack of jurisdiction unless, within 10 days, she demonstrated that we have jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). In response, Balboa filed a letter agreeing that the challenged order is "a non-appealable interlocutory order" and that the appeal should be dismissed for lack of jurisdiction.

Because we hold that the order granting Willoughby's motion for summary judgment is not a final, appealable judgment, we dismiss the appeal.

**Discussion**

Texas appellate courts have jurisdiction to review a trial court's order by appeal if the order constitutes a final judgment or if a statute authorizes an interlocutory appeal. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012). Because no statute authorizes an interlocutory appeal of the order granting Willoughby's motion for summary judgment, we have jurisdiction over the appeal only if the order is final for purposes of appeal. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014 (authorizing appeals from certain interlocutory orders).

2

"There are two paths for an order to become a final judgment without a trial: the order can (1) dispose of all remaining parties and claims then before the court, regardless of its language; or (2) include unequivocal finality language that expressly disposes of all claims and parties." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) (citing *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)). Here, neither path was followed to make the challenged order a final judgment.

The record reflects that Balboa filed a bill of review petition naming three defendants: (1) Joshua Willoughby, (2) Xiomara Pena, and (3) Khalil Saad. Only Willoughby moved for summary judgment on Balboa's claims. Neither Pena nor Saad filed a dispositive motion. The trial court signed an order granting Willoughby's motion for summary judgment, but the order does not dispose of Pena and Saad, and there are no other dispositive orders in the record.

A summary judgment order, such as the one signed by the trial court, disposing of claims against only some parties is interlocutory. *See Ehresman v. LF Tech. Dev. Corp. Ltd.*, No. 03-22-00433-CV, 2022 WL 17070807, at *1 (Tex. App.—Austin Nov. 18, 2022, no pet.) (mem. op.) ("[A]n order granting summary judgment in favor of only some of multiple defendants is not an appealable interlocutory order."). We also note that the record does not reflect that the trial court severed the summary judgment order into a separate cause to make it final and

appealable. *See Sealy Emergency Room*, 685 S.W.3d at 820 (recognizing that severance of interlocutory judgment into separate cause makes it final).

The summary judgment order also does not contain "unequivocal finality language that expressly disposes of all claims and parties." *See id.*; *see also Lehmann*, 39 S.W.3d at 206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention."). To the contrary, the trial court stated in the order that it granted Willoughby's "Traditional Motion for *Partial* Summary Judgment," indicating that the order was not final. (Emphasis added.)

Because the order granting summary judgment in favor of Willoughby is neither a final judgment nor subject to review by interlocutory appeal, we hold that we do not have jurisdiction over the appeal. *See Dall. Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 763 (Tex. 2019) ("An interlocutory order *granting* summary judgment is not subject to appeal."); *Doan v. Great Venture Properties, LP*, No. 01-24-00306-CV, 2024 WL 4152715, at *3 (Tex. App.—Houston [1st Dist.] Sept. 12, 2024, no pet. h.) (mem. op.) (per curiam) (dismissing appeal from interlocutory order granting summary judgment in favor of only one of five defendants); *see also Falkenhorst v. Metro. Escrow & Title, LLC*, No. 01-22-00370-CV, 2023 WL 2576452, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2023, no pet.) (mem. op.)

(per curiam) (holding that court lacked jurisdiction over appeal of summary judgment order that did not dispose of all claims against all parties).

## Conclusion

We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.